## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **CANDICE RHODES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| v. | ) | |
| | ) | **NO. _____** |
| **SOUTHERN WASTE & RECYCLING, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

COMES NOW the Plaintiff Candice Rhodes ("Rhodes" or "Plaintiff"), by and through undersigned counsel, and files this Complaint showing the Court as follows:

1.

Plaintiff brings this lawsuit against Defendant Southern Waste & Recycling, Inc. ("SWR" or "Defendant"), to recover overtime pay, liquidated damages, prejudgment interest, costs, and attorney's fees under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

## Parties

2.

Plaintiff worked for SWR within this judicial district as a customer service employee beginning in or about September, 2009, and continuing until her employment ended in or about March, 2011 (the "relevant period").

3.

As reflected in the corporate filings contained on the Georgia Secretary of State's website, SWR is a Georgia corporation and may be served with process through its registered agent and Chief Executive Officer, Phillip E. Kitchens, Southern Waste & Recycling, Inc., 4840 Roswell Road, Building-D Suite 250, Atlanta, GA 30342 (Fulton County), located within this judicial district.

## Jurisdiction and Venue

4.

Pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), this Court has original jurisdiction over the claims set forth in this Complaint which arise under the FLSA.

5.

SWR employed Plaintiff (and employs others) in this judicial district, is registered to transact business in the State of Georgia, and has as its principal

office address 4840 Roswell Road, Building-D Suite 250, Atlanta, GA 30342, as reported in its 2011 annual registration with the Georgia Secretary of State.

6.

Plaintiff was an "employee" during her employment with SWR as defined by the FLSA and was entitled to the protections of the FLSA pursuant to 29 U.S.C. §§ 203(e) & 207(a).

7.

SWR is an "employer" as defined by the FLSA.

8.

SWR was, at all times relevant to Plaintiff's claims in this Complaint, an enterprise engaged in commerce or in the production of goods for commerce for purposes of the FLSA, having employees engaged in commerce or in the production of goods for commerce, and/or having employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and has (and had during the relevant period) annual gross revenues in excess of $500,000.

9.

Plaintiff was individually engaged in commerce and/or engaged in the production of goods for commerce on a regular and recurring basis during her employment with SWR during the relevant period.

10.

Plaintiff directly engaged in work involving or related to the movement of persons or things among the several States or between any State and any place outside thereof on a regular and recurring basis while working for SWR, which was itself an instrumentality of interstate commerce, and/or by regularly using the instrumentalities of interstate commerce in their work.

11.

Plaintiff on a regular and recurring basis engaged in communications with SWR's clients and vendors/suppliers/contractors located outside of the State of Georgia by use of the interstate mails, email communications over the internet, telephone, facsimile, and/or similar instrumentalities for communication across State lines.

12.

Plaintiff was employed by SWR to work on a regular and recurring basis in the channels of interstate commerce and in activities so closely related to such

commerce as to be considered part of such commerce, including without limitation by communicating directly with SWR's clients and vendors/suppliers/contractors located outside of the State of Georgia using the instrumentalities of commerce; and sending or receiving and otherwise processing mail (including but not limited to invoices and payments) to/from SWR's clients and vendors/suppliers/contractors, and others outside of the State of Georgia for SWR.

13.

Plaintiff was covered by the maximum hours provisions of the FLSA throughout her employment with SWR as an employee "engaged in commerce or in the production of goods for commerce" as defined by Section 7 of the FLSA.

14.

Jurisdiction and venue are proper in this Court as to all claims alleged in this Complaint.

## Facts Related To All Counts

15.

Until on or about January 1, 2010, SWR agreed to pay Plaintiff hourly pay of $13/hour.

16.

SWR suffered or permitted Plaintiff to work over forty hours in a work week on one or more occasions during the relevant period prior to January 1, 2010, but did not pay Plaintiff time and a half her applicable regular rate for all hours worked over forty in a work week as required by the FLSA.

17.

As an illustrative but non-exhaustive example, SWR did not pay Plaintiff for all hours worked, including but not limited to hours worked when Plaintiff was engaged in out of the office travel in furtherance of SWR business and when Plaintiff worked through lunch breaks ("off the clock hours").

18.

As another illustrative but non-exhaustive example, even as to Plaintiff's non-off the clock hours SWR only paid Plaintiff straight time at her hourly rate for all hours worked over forty in a work week, including but not limited to payment of only $13.00/hour for 96 hours worked during the pay period of October 16, 2009 to October 30, 2009.

19.

Beginning on or after January 1, 2010, although there was no material change in Plaintiff's job duties and/or non-exempt status, SWR changed Plaintiff's

compensation to a purported "salary" plus an additional monthly bonus generated from Accounts Receivable/Collections (hereinafter "Collections Bonus") as follows:

- Payments received in the current month exceeding 15% of the previous month's billing and aging AR will result in a bonus of: $150.00
- Payments received in the current month exceeding 10% of the previous month's billing and aging AR will result in a bonus of: $300.00

20.

Plaintiff earned Collections Bonuses on numerous occasions after January 1, 2010, but upon information and belief was not paid for all Collections Bonuses earned after in or around October, 2010.

21.

SWR suffered or permitted Plaintiff to work over forty hours in a work week on one or more occasions during the relevant period after January 1, 2010, but did not pay Plaintiff time-and-a-half her properly calculated regular rate for hours worked over forty in a work week as required by the FLSA -- i.e., her regular rate inclusive of wages, bonuses, and all other compensation not otherwise excludable under 29 U.S.C. § 207(e) ("regular rate").

22.

On or about August 31, 2010, SWR provided Plaintiff with a "Performance Evaluation for Non Exempt Employees."

23.

SWR distributed to Plaintiff a published policy stating that salaried employees are not paid unless they are in the office at least a half day.

24.

SWR did, in fact, deduct from Plaintiff's purported "salary" pay for absences on occasion after January 1, 2010, including but not limited to a deduction of one day's pay from her paycheck for pay period December 16, 2010 to December 31, 2010.

25.

Based on her job duties and SWR's compensation practices, Plaintiff was a non-exempt employee under the FLSA throughout the relevant period.

26.

During the relevant period, Plaintiff complained to management at SWR regarding non-payment of wages for all hours worked over forty in a work week, but SWR nonetheless failed to pay Plaintiff the overtime compensation required by the FLSA.

27.

In addition to failing to pay Plaintiff for all hours worked over forty in a work week in the manner required by the FLSA, including but not limited to hours worked while engaged in out of the office travel in furtherance of SWR's business as required and/or suffered or permitted by SWR ("business travel"), SWR failed to reimburse Plaintiff for mileage expenses incurred in such business travel.

28.

Upon information and belief, SWR has failed to keep all records required by 29 U.S.C. § 211(c) regarding the wages, hours, and other conditions of employment of Plaintiff for the time period required by law.

### **Count 1: FLSA**

29.

Plaintiff incorporates herein the allegations contained in the preceding paragraphs.

30.

SWR failed to pay Plaintiff the overtime compensation owed to her under, and in the manner required by, the FLSA for all of their hours worked over 40 in a work week during the relevant period.

31.

SWR's violations of the FLSA as alleged herein were willful.

32.

Plaintiff is therefore entitled to recover from SWR her back overtime pay at the rate of time-and-a-half her applicable regular rate for all hours worked over 40 in a work week, in addition to an equivalent amount as liquidated damages and prejudgment interest if liquidated damages are not awarded in full, in addition to her attorney's fees and costs, pursuant to 28 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court:

1. Order Defendant to pay Plaintiff her back overtime pay at time-and-a-half her applicable regular rate for all hours worked over 40 in a work week during the relevant period, and an equivalent amount as liquidated damages and prejudgment interest if liquidated damages are not awarded in full;

2. Order Defendant to pay Plaintiff her costs and attorney's fees; and

4. Grant such further other and further relief as the Court finds just and proper in this action.

PLAINTIFF DEMANDS A TRIAL BY JURY.

-11-

Respectfully submitted this 22nd day of December, 2011.

*s/ C. Andrew Head*
Georgia Bar No. 341472
Attorneys for Plaintiff
Fried & Bonder, LLC
White Provision, Ste. 305
1170 Howell Mill Rd, NW
Atlanta, Georgia 30318
(404) 995-8808
(404) 995-8899(facsimile)
Email: ahead@friedbonder.com

-11-