## SETTLEMENT AGREEMENT AND MUTUAL RELEASE OF ALL CLAIMS

This Settlement Agreement and Mutual Release of All Claims ("Agreement") is made by and between Southern Waste & Recycling, Inc. (the "Company") and Candice Rhodes.

## RECITALS

WHEREAS, Ms. Rhodes has filed a civil action against the Company,

WHEREAS, the Company denies any violations of law and denies any liability to Ms. Rhodes, but wishes to avoid further legal fees and expenses of litigation, and

WHEREAS, the parties hereto wish to resolve all of their disputes and settle these matters in a manner that will avoid the need for further litigation,

NOW THEREFORE, in consideration of material covenants and promises contained herein, the parties agree as follows:

1.  **Consideration.**  The Company agrees to pay the total sum of Ten Thousand Dollars ($10,000) in consideration for Ms. Rhodes' compliance with her obligations under this Agreement.  The settlement amount will be apportioned as follows:

(a) $4000.00 (40%) in attorney's fees and $440.98 in costs paid directly to "Fried & Bonder, LLC", Plaintiff's counsel of record, without any deduction for any taxes or other withholdings and reported in box #14 on IRS Form 1099-MISC, which the parties agree to be within the definition of 26 U.S.C. § 62(e)(4) and subject to the provisions of 26 U.S.C. § 62(a)(20) of the Internal Revenue Code; and

(b) $5,559.02 in employment and non-employment income payable to Plaintiff directly, with the $2,779.51 in employment income constituting asserted overtime wages and unpaid bonuses and reported as W-2 income, and the $2,779.51 in non-employment income constituting liquidated damages and reported in Box #3 on IRS Form 1099-MISC.

The settlement amount will be payable in three installments, the first of which will be due within four (4) days after approval of this Settlement Agreement by the Court, the second of which will be due thirty (30) days thereafter, and the third of which will be due sixty (60) days thereafter.  Upon each installment, the Company will deliver to Plaintiff's counsel of record three (3) checks constituting one-third (1/3) of the fees and costs amount above, one-third (1/3) of the employment income amount above, and one-third (1/3) of the non-employment income amount above.  In the event the Company breaches and does not make a timely payment, Ms. Rhodes shall be entitled to recover her attorney's fees and costs in pursuing such breach, with interest on all amounts compounding at the federal post-judgment interest rate as of the date of execution of the Agreement.

1

The parties acknowledge the adequacy of consideration provided herein by each to the other, that this is a legally binding document, and that they intend to comply with and be faithful to its terms.

2.   **Dismissal of Lawsuit.**  Ms. Rhodes is the plaintiff in a case styled *Candice Rhodes v. Southern Waste & Recycling. Inc.*, 1:11-CV-04470-SCJ ("Lawsuit"), which is pending in the United States District Court for the Northern District of Georgia.  By executing this Agreement, Ms. Rhodes and her counsel agree to seek the dismissal of the Lawsuit with prejudice upon the Company's satisfaction of its installment payment obligations set forth in Paragraph 1 of this Agreement.  Ms. Rhodes shall promptly execute proper documents or appear in court as necessary to obtain a dismissal with prejudice of the Lawsuit.

3.   **Full and Complete Mutual Release.**  In consideration for this Agreement, Ms. Rhodes hereby settles, waives, releases and discharges all claims whatsoever against the Company (defined to include Phil Kitchens) with respect to each and every claim, cause of action, right, liability or demand of any kind or nature known and unknown at this time that Ms. Rhodes may have or may have had which arose at any time and which may arise at any time until this Agreement is duly executed.  Such claims that are hereby released include by way of example, but not limitation, all claims:

   a.   arising from Ms. Rhodes' employment with the Company;

   b.   based on discrimination, retaliation or harassment on the basis of any federal, state or local anti-discrimination laws or common laws relating to discrimination in employment or otherwise regulating the employment relationship, or affecting the health or safety of employees in the workplace;

   c.   based on any oral, written or implied contract, tort, promissory estoppel, or public policy; and

   d.   relating to any wages, pay, overtime, compensation, attorneys' fees, interest or costs, including attorneys' fees incurred in connection with any review of this Agreement by an attorney.

   Likewise, the Company (defined to include Phil Kitchens) hereby settles, waives, releases and discharges all claims whatsoever against Ms. Rhodes with respect to each and every claim, cause of action, right, liability or demand of any kind or nature known and unknown at this time that the Company may have or may have had which arose at any time and which may arise at any time until this Agreement is duly executed.

4.   **Modification.**  No modification, amendments, cancellation, deletion, addition, extension or other changes in this Agreement shall be effective for any purpose unless specifically set forth in a written agreement signed by Ms. Rhodes and an authorized representative of the Company.  This Agreement constitutes a single, integrated written

agreement containing the entire understanding between Ms. Rhodes and the Company regarding the subject matter hereof and supersedes and replaces any and all prior agreements and understandings, written or oral.

5.  **Non-Admission.** This Agreement does not constitute an admission by any party to the Lawsuit that they have violated any law or statute and all parties specifically deny any such violation occurred. It is understood that the Company expressly denies any liability or violations.

6.  **Acknowledgment/Warranty.** By signing this Agreement, Ms. Rhodes acknowledges and warrants that:

    a.  Ms. Rhodes has carefully read and fully understands every provision of this Agreement, including, without limitation, the release of all claims listed in paragraph 3 above and Ms. Rhodes' agreement to seek dismissal with prejudice of the Lawsuit;

    b.  Ms. Rhodes is represented by counsel and had the opportunity to consult with counsel before signing this Agreement;

    c.  Ms. Rhodes accepts this Agreement knowingly and voluntarily; and

    d.  Ms. Rhodes is fully authorized to execute this Agreement and has not assigned, transferred or pledged all or any portion of the claims hereby released.

_____
Candice Rhodes

2/22/2012
_____
Date

Approved as to form by counsel to Ms. Rhodes.

_____
C. Andrew Head, Esq.

2/28/12
_____
Date

Agreed to and accepted by the Company:

_____
An Authorized Representative of

3

the Company

_____2-28-12_____
Date

Approved as to form by counsel to the Company.

_____[signature]_____
Joseph D. Shelton, Esq.

_____2/28/12_____
Date

4